*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0761**

State of Minnesota,
Respondent,

vs.

Beruk Meskelu Zeru,
Appellant.

**Filed July 13, 2015
Reversed
Smith, Judge**

Lyon County District Court
File No. 42-CR-13-278

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Richard R. Maes, Lyon County Attorney, Abby J. Wikelius, Assistant County Attorney, Marshall, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Kirk, Judge; and Smith, Judge.

# U N P U B L I S H E D   O P I N I O N

**SMITH**, Judge

We reverse appellant Beruk Zeru's convictions for fourth-degree assault and obstruction of legal process because the district court erred in its determination that Zeru

did not prove his mental-illness defense by a preponderance of the evidence when there was uncontroverted expert testimony that he did not understand the nature of his actions or their wrongness.

**FACTS**

On February 12, 2013, the Tracy Police Department dispatched two officers, Adam Baumann and Shawn Bohnen, to Zeru's home at the request of his girlfriend. Zeru's girlfriend was "worried" because Zeru had stopped taking his medication for schizophrenia, had stopped eating and sleeping, and was acting "irrationally." On arrival, the officers made several attempts to persuade Zeru to take his medication or go to the hospital for treatment. Zeru refused and insisted that the officers would have to force him to go.

After Zeru refused again, Officer Baumann decided to take him into custody for medical treatment. Officer Baumann grabbed Zeru by the arm to escort him out of the home. Zeru resisted by pulling his arms away, causing a struggle. During the struggle, Officer Baumann tripped on a chair, causing both officers and Zeru to fall to the ground. After the fall, Officer Baumann landed with Zeru's arm wrapped around his neck. Meanwhile, Officer Bohnen pinned Zeru's other arm to the ground with his knee in an attempt to regain control over Zeru.

Officer Baumann, realizing he "was in a bad spot," instructed Officer Bohnen and Zeru's girlfriend to call for back up. Zeru applied pressure to Officer Baumann's neck, making it so that the officer could not breathe. Officer Baumann then drew his arm back and formed a fist in an effort to punch Zeru and free himself from the headlock. On

2

seeing the maneuver, Zeru released the pressure, and Officer Baumann regained control. The officers then handcuffed Zeru and removed him from the home.

The state charged Zeru with fourth-degree assault and two counts of obstruction of legal process. The district court granted defense counsel's request for a mental examination of Zeru under Minn. R. Crim. P. 20.02 in preparation for a mental-illness defense. Zeru subsequently pleaded not guilty and requested a bifurcated court trial with separate phases to determine his guilt and his mental-illness defense.

During the guilt phase, the officers and Zeru's girlfriend testified, and the district court found Zeru guilty of all charges. During the mental-illness defense phase, the psychologist who performed the Rule 20 examination testified that, in his opinion, Zeru "was laboring in such a defect of reason to not know what he was doing at the time due to his active psychosis and paranoid delusions." Officer Baumann testified that Zeru did not appear to be hallucinating at the time and understood who the officers were and why they were there. The district court concluded that Zeru had "failed to establish by a preponderance of the evidence that his mental illness caused such a defect of reason that [he] did not know the nature of his act or that it was wrong" and convicted him of the charges.

**DECISION**

Zeru argues that the district court erred by concluding that he had not proved his mental-illness defense by a preponderance of the evidence. "Where a criminal defendant who raised the defense of mental illness at trial challenges his conviction, this court conducts a rigorous review of the record to determine whether the evidence, direct and

circumstantial, viewed most favorably to support a finding of guilt, was sufficient to permit the fact finder to reach its conclusion." *State v. Brom*, 463 N.W.2d 758, 764 (Minn. 1990) (quotation omitted). We must assume that the factfinder "believed the state's witnesses and disbelieved any contradictory evidence." *State v. Odell*, 676 N.W.2d 646, 648 (Minn. 2004).

In order to prevail, appellant must have demonstrated by a preponderance of the evidence, that "at the time of committing the alleged criminal act [he] was laboring under such a defect of reason, from [mental illness], as not to know the nature of the act, or that it was wrong." Minn. Stat. § 611.026 (2012); *see also Brom*, 463 N.W.2d at 764. The preponderance-of-the-evidence burden means that the defendant need only establish that "it is more likely that the claim . . . is true than that it is not true." *State v. Wahlberg*, 296 N.W.2d 408, 418 (Minn. 1980). The district court found that Zeru "knew the nature of his act" and "did not choke Officer Baumann because he didn't realize it was wrong; rather he did so because he was trying to avoid being taken to the hospital." We grant "broad deference" to the factfinder in assigning weight to expert testimony. *Brom*, 463 N.W.2d at 764.

Only two witnesses testified during the mental-illness phase of the trial: Officer Baumann and the psychologist who conducted the Rule 20 examination. The district court explicitly found that Officer Baumann's testimony during the mental-illness phase lacked credibility, and we defer to its credibility determination. *See State v. Miller*, 659 N.W.2d 275, 279 (Minn. App. 2003), *review denied* (Minn. July 15, 2003). We are thus left with only the court-appointed psychologist's testimony to consider.

In the psychologist's opinion, Zeru was unable to understand his actions or their wrongness at the time of the offense due to his schizophrenia. The psychologist explained that Zeru's delusions and paranoia were the reason for Zeru's escalation of the situation. The psychologist highlighted several reasons for his opinion in his report and his testimony: (1) Zeru has an extensive history of paranoid delusions and has been civilly committed for mental illness multiple times; (2) Zeru described feeling targeted by local police officers in the past; (3) Zeru had not taken any medication for schizophrenia since his last release from civil commitment and reported experiencing delusions prior to the arrival of police; (4) Zeru appeared to have no memory of putting the officer in a headlock and was surprised to find out he had been charged with a crime; and (5) the likelihood that "his symptoms were exacerbated" by the police contact. Although the district court was not bound by the psychologist's expert testimony, s*ee DeMars v. State*, 352 N.W.2d 13, 16 (Minn. 1984) (affirming a district court's rejection of expert medical testimony in determining that a defendant had not presented sufficient evidence of his mental-illness defense), we note that the psychologist's testimony was uncontroverted because the state presented no evidence, other than Officer Baumann's testimony which the district court found not credible.

After reviewing the clear and uncontroverted testimony of the court-appointed psychologist who examined Zeru, which was based upon his extensive experience as a psychologist who has conducted over a hundred Rule 20 examinations, we believe that the evidence sufficiently demonstrated that it was more likely than not that Zeru was operating under delusions and paranoia caused by his schizophrenia that prevented him

from understanding the nature of his actions. Under these circumstances, the district court erred in its conclusion that Zeru did not sustain his burden on the mental-illness defense. Because we reverse on the mental-illness issue, we do not reach Zeru's sufficiency-of-the-evidence claims.

**Reversed.**